CARLA B. OAKLEY, Cal. State Bar No. 130092
LEIGHA E. WILBUR, Cal. State Bar No. 251795
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: 415.442.1000
Fax: 415.442.1001
E-mail:   coakley@morganlewis.com
          lwilbur@morganlewis.com

Attorneys for Plaintiff
Kabushiki Kaisha Stone Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KABUSHIKI KAISHA STONE CORPORATION, a Japan corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AFFLICTION, INC., a California corporation; and AFFLICTION RETAIL, INC., a California corporation,<br><br>Defendants. | Case No. CV 09 2742<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT, FALSE ENDORSEMENT AND FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION AND FALSE ADVERTISING**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Kabushiki Kaisha Stone Corporation, also known as Stone Corporation ("Stone"), by and through its undersigned counsel, alleges as follows against Affliction, Inc. and Affliction Retail, Inc. (collectively "Affliction"):

### NATURE OF CASE

1.  This is an action for copyright infringement, false endorsement and related causes of action arising from Affliction's unauthorized use of Mr. Yoshihito Nakano's copyright protected drawings, stylized Kanji signature and tattoo designs ("Artwork") and unauthorized use of Mr. Nakano's HORIYOSHI III name and his stylized Kanji signature for a clothing line. Mr. Nakano has attained global recognition and fame for his skill as a traditional Japanese tattoo artist and for his numerous works and tattoo designs, including the Artwork that is at issue in this

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21130958.1

COMPLAINT FOR COPYRIGHT
INFRINGEMENT, FALSE ENDORSEMENT;
DEMAND FOR JURY TRIAL

1. Complaint. Mr. Nakano's distinctive HORIYOSHI III name and his stylized Kanji signature are well-known around the world. Stone is Mr. Nakano's exclusive licensee with respect to, among other things, use of the HORIYOSHI III name and Mr. Nakano's Artwork for clothing in the United States.

2. Affliction is knowingly and willfully manufacturing, promoting and selling clothing bearing Mr. Nakano's Artwork, Mr. Nakano's signature and his HORIYOSHI III name without authorization from Mr. Nakano or Stone. Affliction's unlawful activities continue despite knowledge that the use is unauthorized and despite objections by Mr. Nakano and Stone.

3. Affliction's continued and expanding unauthorized use of Mr. Nakano's Artwork, stylized signature and HORIYOSHI III name after repeated requests to cease such behavior have caused substantial harm to Stone and Mr. Nakano and necessitated this action for copyright infringement, false endorsement and unfair competition and related claims.

4. By this lawsuit, Stone seeks to enjoin Affliction from any further unauthorized use of Mr. Nakano's Artwork, stylized signature and HORIYOSHI III name, and further unfair and misleading business practices, and seeks to recover damages, including Affliction's profits, treble damages and punitive damages, reasonable attorneys' fees, costs, and disbursements and such other and further relief as the Court deems just and proper against Affliction's willful violation of federal statutory and California statutory and common law.

**PARTIES**

5. Plaintiff Kabushiki Kaisha Stone Corporation is a Japanese corporation with its principal place of business at 12 Nishiazabu 2-chome, Minato-ku Tokyo, Japan. Stone, which is owned in part by Mr. Nakano, is the worldwide exclusive licensee of Mr. Nakano's copyright protected Artwork for clothing and various other products. Stone also is the exclusive licensee for use of the HORIYOSHI III name in the United States for clothing.

6. Stone is informed and believes, and on that basis alleges, that defendants Affliction Inc. and Affliction Retail, Inc. are California corporations with offices located at 1720 Apollo Court and 1779 Apollo Court, respectively, in Seal Beach, California, 90740. Stone is informed and believes, and on that basis alleges, that defendants act as agents for each other and

manufacture and sell clothing using the HORIYOSHI III name and Mr. Nakano's Artwork across the United States and in this District, without the permission of Mr. Nakano or Stone.

## JURISDICTION

7. This action is one for injunctive relief and for damages for copyright infringement under the United States Copyright Act, 17 U.S.C. § 101, *et. seq.*; false endorsement, false designation of origin, unfair competition and false advertising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and false advertising and unfair competition under California Business and Professions Code §§ 17200 *et seq.* and 17500 *et seq.* and California common law.

8. This Court has subject matter jurisdiction over the federal claims in this action for copyright infringement, trademark infringement and unfair competition under 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. § 1338(a) and (b).

9. This Court has supplemental jurisdiction over the claims that arise under California law, pursuant to 28 U.S.C. § 1367(a), because such claims are so related to the federal claims brought herein that they form part of the same case or controversy.

10. Stone is informed and believes, and on that basis alleges, that both defendants are subject to personal jurisdiction in this Court because they have purposely availed themselves of the benefits of doing business in California by having their primary places of business in California and selling their products to businesses and individuals in California, including residents in this District.

11. Stone is informed and believes, and on that basis alleges, that venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because both defendants conduct regular and systematic business in California, has purposefully availed themselves of conducting business in California, and the events giving rise to the claims alleged in this complaint have a substantial effect in California and a substantial part of the events occurred in this District. In this regard, Stone is informed and believes, and on that basis alleges, that Affliction markets, advertises, promotes, offers for sale and has substantial sales of its products, including the infringing clothing utilizing Mr. Nakano's Artwork, including his stylized Kanji signature, and his HORIYOSHI III name, in California and in this District. Moreover, Stone is informed and believes, and on that

basis alleges, that both defendants are residents of this District by virtue of the fact that they each are corporations subject to personal jurisdiction in this District.

## INTRADISTRICT ASSIGNMENT

12. Stone is informed and believes, and on that basis alleges, that assignment to the San Francisco Division is proper pursuant to Civil Local Rule 3-2 because a substantial part of the events or omissions which give rise to the claims herein occurred in the county of San Francisco.

## FACTUAL BACKGROUND

### STONE'S RIGHTS IN MR. NAKANO'S ARTWORK AND HIS HORIYOSHI III NAME

13. Mr. Nakano, a citizen of Japan, created and owns the copyright in the Artwork that is the subject of this Complaint. Mr. Nakano has gained global recognition and fame for his skill as a traditional Japanese tattoo artist and his related works using the distinctive name HORIYOSHI III and his distinctive stylized Kanji signature. Mr. Nakano has published numerous books featuring his works and has licensed his works for use in connection with merchandise that has been sold throughout the world. The Artwork at issue in this Complaint was first published in Japan.

14. Mr. Nakano has used the HORIYOSHI III name since 1979 in connection with his Artwork and his services as a tattoo artist. After thirty years, Mr. Nakano has developed substantial value and goodwill in his HORIYOSHI III name and stylized Kanji signature. HORIYOSHI III has come to identify Mr. Nakano exclusively, as well as his high quality products, services, Artwork and goodwill.

15. Stone currently has a worldwide exclusive license to use Mr. Nakano's Artwork in connection with clothing and all other products, excluding books and other publications. Under the exclusive license, Stone is expressly granted the right to all accrued causes of action arising out of use of Mr. Nakano's Artwork.

16. Mr. Nakano has also exclusively licensed to Stone the right to use his HORIYOSHI III name, and to register the HORIYOSHI III mark, in connection with the promotion and sale of clothing and other products in the United States.

17. The HORIYOSHI III name and Mr. Nakano's stylized Kanji signature are both associated exclusively with Mr. Nakano and his authorized licensees.

**AFFLICTION'S UNAUTHORIZED USE OF MR. NAKANO'S ARTWORK AND NAME**

18. Stone is informed and believes, and on that basis alleges, that Affliction has manufactured, or directed the manufacture of, and also has promoted and sold clothing utilizing Mr. Nakano's Artwork and the HORIYOSHI III name without authorization from Mr. Nakano or Stone.

19. Stone is informed and believes, and on that basis alleges, that Affliction has earned substantial revenue through sales of clothing utilizing Mr. Nakano's Artwork, including his copyright protected stylized Kanji signature, and his HORIYOSHI III name.

20. Stone is informed and believes, and on that basis alleges, that Affliction is aware of Stone's and Mr. Nakano's rights in Mr. Nakano's Artwork and his HORIYOSHI III name.

21. Stone is informed and believes, and on that basis alleges, that Affliction has offered clothing items with unauthorized copies and/or derivatives of at least thirty different works of art by Mr. Nakano, as well as his copyright protected stylized Kanji signature. In addition, Stone is informed and believes, and on that basis alleges, that Affliction has made unauthorized changes to and derivatives of Mr. Nakano's Artwork by combining works in an unauthorized manner, removing portions of works and prominently displaying Mr. Nakano's HORIYOSHI III name and stylized Kanji signature on the works themselves without authorization from Mr. Nakano or Stone.

22. Stone is informed and believes, and on that basis alleges, that since December 2008 when Stone notified Affliction of its rights in Mr. Nakano's Artwork and the HORIYOSHI III name in connection with clothing, Affliction has been selling additional unauthorized clothing items with unauthorized copies and/or derivatives of Mr. Nakano's Artwork, including his stylized Kanji signature, and/or his HORIYOSHI III name.

23. Consumers who see Mr. Nakano's Artwork and/or his HORIYOSHI III name on apparel are likely to be confused as to whether the apparel is endorsed, approved or offered by Mr. Nakano or Stone or whether there is some affiliation between the parties, when there is not.

24. As a direct and proximate result of Affliction's conduct set forth above, Stone has been injured and suffered damages in an amount to be proven.

25. Affliction's conduct is continuing and will continue unless restrained by this Court. Unless Affliction's actions are restrained and Affliction is enjoined from engaging in the unlawful conduct described above, Stone will suffer irreparable injury and further damage.

### FIRST CAUSE OF ACTION

### (Copyright Infringement — 17 U.S.C. § 101 *et seq.*)

26. Stone incorporates by reference and realleges each and every allegation in paragraphs 1 through 25 as if fully set forth herein.

27. Mr. Nakano owns valid copyrights for his Artwork. The Artwork at issue in this proceeding originated in Japan and therefore preregistration or registration of the copyright in the works is not required to bring an action for infringement, pursuant to the Berne Convention Implementation Act of 1988 and 17 U.S.C. § 411.

28. Stone is informed and believes that Affliction has injured Mr. Nakano's and Stone's rights in Mr. Nakano's copyright protected stylized Kanji signature and rights in at least the following works (identified by reference to two of Mr. Nakano's books): From *100 Demons of Horiyoshi III*, the works on pages 1, 6, 12, 17, 32, 46, 62, 65, 68, 72-73, 82, 110, 124, 142 and 147 and from *108 Heroes of the Suikoden*, the works on pages 7, 32, 42, 111, 119, 124, 140, 156, 164, 178, 192, 194 and 202.

29. By its actions, Affliction has infringed the copyrights for Mr. Nakano's Artwork held by Mr. Nakano and exclusively licensed to Stone. In particular, Affliction has infringed the exclusive right to reproduce, distribute and create derivative works of Mr. Nakano's Artwork, all of which constitute exclusive rights under the United States Copyright Act, 17 U.S.C. § 106. Such rights inure only to the copyright owner and its licensee.

30. Affliction's conduct in reproducing, distributing and creating derivative works of Mr. Nakano's Artwork constitutes a violation of the rights and copyrights of Mr. Nakano and Stone. This conduct has been knowing, willful and/or intentional and continues to be knowing, willful and/or intentional.

31. Stone has been harmed and continues to be harmed by Affliction's acts.

32. Stone has no adequate remedy at law. Affliction's conduct, as described herein, has caused and, if not enjoined, will continue to cause irreparable damage to Stone. As a result of Affliction's conduct, Stone is entitled to injunctive relief and damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## (15 U.S.C. § 1125(a))

33. Stone incorporates by reference and realleges each and every allegation in paragraphs 1 through 32 as if fully set forth herein.

34. Stone is informed and believes, and on that basis alleges, that Affliction is manufacturing, promoting and selling clothing using Mr. Nakano's stylized Kanji signature and/or his HORIYOSHI III name without authorization. Stone is informed and believes, and on that basis alleges, that Affliction's unauthorized and willful use of the Mr. Nakano's signature and/or his HORIYOSHI III name in connection with its clothing line constitutes use in commerce that is likely to cause confusion, mistake or deception as to the approval, endorsement and/or source of the clothing offered by Affliction.

35. Stone is informed and believes, and on that basis alleges, that Affliction's use of the signature and/or the HORIYOSHI III name actually deceived or has the tendency to deceive a substantial segment of the consuming public.

36. Affliction's unauthorized and willful use of Mr. Nakano's stylized signature and/or his HORIYOSHI III name for the distribution, promotion and/or sale of clothing constitutes false endorsement and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

37. Stone is informed and believes, and on that basis alleges, that Affliction's actions were done with full knowledge of the false endorsement and/or false designation of origin, and with the intent to cause confusion and to mislead and deceive the purchasing public.

38. Stone has no adequate remedy at law. Affliction's conduct, as described hrein, has caused and, if not enjoined, will continue to cause irreparable damage to Stone. As a result of

Affliction's conduct, Stone is entitled to injunctive relief and damages in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### (Unfair Business Practices – Cal. Bus. & Prof. Code § 17200 and California Common Law)

39. Stone incorporates by reference each and every allegation contained in paragraphs 1 through 38 as if fully set forth herein.

40. Stone is informed and believes, and on that basis alleges, that Affliction is engaging in unfair, unlawful and/or deceptive conduct by virtue of its manufacture, promotion and sale of clothing using Mr. Nakano's HORIYOSHI III name and/or his stylized Kanji signature, without authorization, which falsely leads consumers to believe that Affliction is offering a line of clothing that is sponsored, approved or endorsed by Mr. Nakano and Stone, when it is not.

41. Affliction's actions in the manufacture, distribution, promotion and/or sale of clothing using the HORIYOSHI III name and/or Mr. Nakano's signature constitute unfair business practices in violation of California Business and Professions Code §§ 17200 *et seq* and California common law.

42. Stone has no adequate remedy at law. Affliction's conduct, as described herein, has caused and, if not enjoined, will continue to cause irreparable damage to Stone. As a result of Affliction's conduct, Stone is entitled to injunctive relief and damages in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION

### (Unfair Business Practices – Cal. Bus. & Prof. Code § 17500 and California Common Law)

43. Stone incorporates by reference each and every allegation contained in Paragraphs 1 through 42 as if fully set forth herein.

44. Stone is informed and believes, and on that basis alleges, that Affliction intended to sell clothing through its publicly disseminated advertising, which contained untrue and/or misleading statements concerning Affliction's clothing and which Affliction knew or should have known was untrue and/or misleading.

1  45. Affliction's actions constitute unfair competition and unfair, deceptive, untrue and misleading advertising in violation of California Business and Professions Code §§ 17500 *et seq* and California common law.

46. Stone has no adequate remedy at law. Affliction's conduct, as described herein, has caused and, if not enjoined, will continue to cause irreparable damage to Stone resulting in loss of money or property. As a result of Affliction's conduct, Stone is entitled to injunctive relief and damages in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Stone prays for judgment against Affliction as follows:

A. That Affliction be held to have infringed Mr. Nakano's copyrights in his Artwork, including Mr. Nakano's stylized Kanji signature, under 17 U.S.C. § 101 *et seq.*, and that such actions were willful and intentional;

B. That Affliction be held to have falsely designated the origin, approval or endorsement of goods by using the HORIYOSHI III name and/or Mr. Nakano's signature under 15 U.S.C. § 1125(a), and that such actions were willful and intentional;

C. That Affliction be held to have engaged in unfair competition and deceptive trade practices within the meaning of California Business and Professions Code Sections 17200 *et seq* and 17500 *et seq.* and California common law;

D. That the Court grant a preliminary and permanent injunction prohibiting Affliction and its officers, partners, agents, subcontractors, employees, subsidiaries, successors, assigns, and related companies or entities, and all others acting in concert or participating with them or with actual notice of such order from:

i) directly or indirectly manufacturing or selling apparel with Mr. Nakano's Artwork, including Mr. Nakano's stylized Kanji signature, and/or his HORIYOSHI III name;

ii) all further reproduction, distribution and creation of derivative works by any means or method consisting of or including content from the Artwork, unless such reproduction, distribution or creation of derivative work is authorized by Mr. Nakano and Stone in writing;

E. That Affliction be required to deliver to the Court all products in either defendant's possession, custody or control using Mr. Nakano's Artwork or the HORIYOSHI III name (including Mr. Nakano's stylized Kanji signature), including all advertising and promotional items and all products delivered to third party retailers but not yet sold to customers;

F. That Stone have an accounting for damages and for all of Affliction's profits from its actions complained of herein;

G. That Stone be awarded damages against Affliction, including any applicable profit of Affliction pursuant to 17 U.S.C. § 504(a);

H. That the Court award Stone actual and trebled damages to the full extent allowed under 15 U.S.C. § 1117, in an amount to be determined at trial;

I. That the Court award Stone all actual damages and lost sales suffered by Mr. Nakano or Stone by reason of Affliction's conduct, as well as any profits of Affliction's and restitution that are attributable to Affliction's unfair competition, false endorsement and false advertising not taken into account in computing the actual damages, and that punitive damages be awarded as authorized under the law;

J. That Stone be awarded reasonable attorneys' fees, expenses and costs associated with this action pursuant to 17 U.S.C. § 505, 15 U.S.C. § 1117 and/or California Civil Code § 3344(a); and

K. Such other and further relief as this Court determines to be just and equitable.

Dated: June 19, 2009

MORGAN, LEWIS & BOCKIUS LLP

By _____
Carla B. Oakley
Attorneys for Plaintiff
Kabushiki Kaisha Stone Corporation

**DEMAND FOR JURY TRIAL**

Plaintiff Kabushiki Kaisha Stone Corporation hereby demands a trial by jury of all issues triable by a jury pursuant to Federal Rule of Civil Procedure 38(b) and Civil Local Rule 3-6(a).

Dated: June 19, 2009

MORGAN, LEWIS & BOCKIUS LLP

By _____
Carla B. Oakley

Attorneys for Plaintiff
Kabushiki Kaisha Stone Corporation

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21130958.1

COMPLAINT FOR COPYRIGHT
INFRINGEMENT, FALSE ENDORSEMENT;
DEMAND FOR JURY TRIAL