United States District Court
For the Northern District of California

***E-Filed 10/22/09***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

KABUSHIKI KAISHA STONE CORPORATION,

Plaintiff,

v.

AFFLICTION, INC. et al,

Defendants.

________________________________________/

**No. C 09-2742 RS**

**ORDER DENYING MOTION TO DISMISS OR TRANSFER**

I. INTRODUCTION

Plaintiff Kabushiki Kaisha Stone Corporation ("KK Stone") avers that it is the exclusive licensee of the artwork and stylized signature of Japanese artist Yoshihito Nakano, known as "Horiyoshi III," who is world famous in the tattoo field. KK Stone brings this action for copyright infringement and related claims against Affliction, Inc. and Affliction Retail, Inc. (collectively "Affliction"), who allegedly have made unauthorized use of Mr. Nakano's artwork and signature on a line of clothing and sandals.

Affliction contends that its business is centered in Seal Beach, California, in this state's Central District. Affliction moves to dismiss or transfer on grounds of improper venue, or, in the

alternative, for a transfer under 28 U.S.C.§ 1404 (a), "[f]or the convenience of parties and witnesses [and] in the interest of justice."

Affliction's contentions that this is an improper venue fail to address KK Stone's averments and showing that the allegedly wrongful acts—sales of infringing products—have taken place within this District. Affliction's alternate argument that the Central District is a more convenient forum has not been supported by an adequate evidentiary showing that a balancing of the relevant factors compels a transfer. Accordingly, the motion to dismiss or transfer will be denied.

## II. BACKGROUND

The complaint asserts that Mr. Nakano, "has attained global recognition and fame for his skill as a traditional Japanese tattoo artist and for his numerous works and tattoo designs, including the Artwork that is at issue." Complaint ¶ 1. Mr. Nakano's "distinctive HORIYOSHI name and his stylized Kanji signature are well-known around the world." *Id.* KK Stone contends it is "the exclusive licensee with respect to, among other things, use of the HORIYOSHI III name and Mr. Nakano's Artwork for clothing in the United States." *Id.*

KK Stone is a Japanese Corporation, headquartered in Tokyo. Complaint ¶ 5. KK Stone alleges, and Affliction agrees, that the Affliction entities are both California corporations, headquartered in Seal Beach. KK Stone apparently has only recently begun to do business in the United States. It asserts that it considers the San Francisco Bay Area an "important market," because Mr. Nakano has a "devoted following" here and there is a "vibrant tattoo arts community" that hosts nationally prominent conventions in San Jose and San Francisco each year.[1]

---

[1] Affliction argues that KK Stone's desire or intent to do *future* business in this district is not a basis for venue here. Regardless of whether KK Stone's business operations in this district exist or are only contemplated, that would have no bearing on whether Affliction is subject to suit in this district. It appears, however, that KK Stone has not offered these facts to support its argument that venue is proper here, but to show that its choice of this forum is not random, and therefore is entitled to be given weight when considering the prong of Affliction's motion that seeks a convenience-based transfer.



United States District Court
For the Northern District of California

KK Stone charges Affliction with having made unauthorized "copies and/or derivatives" of at least thirty different works of art by Mr. Nakano, and of improperly using his Horiyoshi III name and stylized signature on clothing that it has manufactured and sold. Complaint ¶¶ 18- 21. KK Stone specifically alleges that Affliction "markets, advertises, promotes, [and] offers for sale" the allegedly infringing products in this district, and that it has "substantial sales" here. Complaint ¶ 11.

In the motion to dismiss, Affliction does not directly dispute that its products are sold in this district. Rather, Affliction claims that the "majority" of its sales are made through a "network of distributor and retailers that purchase products from Affliction on a wholesale basis and offer the same to retail customers." Affliction also acknowledges that it sells directly to the public through a website and through three retail stores it owns outside this district. Although Affliction denies owning property, having employees, offices, or similar contacts in this district, it does not aver that none of the distributors or retailers to whom it sells on a wholesale basis are located or operate here, or that its products are otherwise unavailable for purchase in this district.

Finally, Affliction offers two purported "license agreements" it allegedly entered into with Mr. Nakano giving it certain rights to use his artwork. Affliction contends these agreements were negotiated remotely between Affliction's Seal Beach offices and Mr. Nakano in Japan.[2]

## III. DISCUSSION

A. Correctness of Venue

Venue in a copyright infringement action is governed by 28 U.S.C. § 1400(a), which provides that an action may be brought in any district where a defendant "may be found." Ordinarily, a corporate defendant "may be found" in any district where personal jurisdiction over the defendant would be proper. See *Milwaukee Concrete Studios v. Fjeld Mfg. Co.*, 8 F.3d 441 (7th Cir. 1993). Because the Affliction entities are California corporations undisputedly doing

---

[2] KK Stone contends these documents are not enforceable for a variety of reasons, but that they would not insulate all of the alleged infringement in any event. Those issues remain for resolution on the merits; the existence or enforceability of these documents as a potential defense in whole or in part to the infringement claims does not alter the venue analysis herein.



United States District Court
For the Northern District of California

systematic and continuous business in California, there is no doubt that this District has general personal jurisdiction over them; Affliction does not argue to the contrary. However, in the context of copyright *venue* analysis under §1400(a), courts have applied the additional gloss that a defendant "may be found" in a particular district of a multi-district state only where its contacts *with the particular district* would support personal jurisdiction, without regard to the defendant's presence elsewhere in the state. *Milwaukee*, 8 F.3d at 447; *see also Columbia Pictures Television v. Krypton Broadcasting*, 106 F.3d 284, 289 (9th Cir. 1997) ("Venue under 28 U.S.C. § 1400(a) is proper in any judicial district in which the defendant would be amenable to personal jurisdiction if the district were a separate state.")

Affliction cites *Milwaukee* and correctly states this rule. However, Affliction misapplies the rule to the facts of this case. Affliction asserts baldly:

> Plaintiff has not alleged or described any acts that occurred in the Northern District. In fact, plaintiff's Complaint is completely devoid of any specific events that took place in this judicial district. The reason for the absence of any details outlining acts done in the Northern District is simple, they do not exist.

Opening Brief at 6:25-28.

This assertion is simply incorrect. As noted above, KK Stone expressly alleges that Affliction is carrying out substantial sales of infringing products in this District.[3] As *Milwaukee* itself makes clear, the district where acts of infringement take place is a proper venue. See 8 F.3d at

---

[3] In objections submitted with its untimely reply brief, Affliction argues that printouts from websites that KK Stone has offered to show that Affliction's products are offered for sale in this District lack authentication and adequate foundation, and are hearsay. Although the documents would not be hearsay to the extent they reflect offers to sell, Affliction likely is correct that they have not been sufficiently authenticated, and the Court has disregarded them. Affliction's objection to paragraph 13 of the declaration of Steve Sang Keun Suk stating that he is aware that Affliction has sold clothing bearing Mr. Nakano's artwork and stylized signature in the San Francisco Bay Area (Suk Declaration, ¶ 13) is overruled. Contrary to Affliction's argument, Suk has offered sufficient foundation regarding his investigations to establish he has personal knowledge of the facts asserted; his reference to the assistance of colleagues in the investigations suggests only that he may have some second-hand knowledge in addition to his personal knowledge. As noted above, furthermore, Affliction has not offered evidence or even argument that its products are *not* sold in the Bay Area. Given that, KK Stone has carried its burden to show that alleged acts of infringement have occurred in this District.



United States District Court
For the Northern District of California

447-448 (finding that the "local act or omission" giving rise to the plaintiff's injury occurred in the district into which the infringing product was imported from Canada.) Accordingly, the prong of Affliction's motion that seeks dismissal or transfer based on its contention that this is an *improper* venue must be denied.[4]

B. Transfer for Convenience

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The party moving for transfer of a case bears the burden of demonstrating that a transfer is appropriate. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir.1979). Transfer under § 1404(a) "should not be freely granted." *In re Nine Mile, Ltd.*, 692 F.2d 56, 61 (8th Cir.1982). Section 1404(a) provides for transfer to a more convenient forum, "not to a forum likely to prove equally convenient or inconvenient," *Van Dusen v. Barrack*, 376 U.S. 612, 646, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964), and a "transfer should not be granted if the effect is simply to shift the inconvenience to the party resisting the transfer." *Id*. Further, there is a strong "presumption in favor of plaintiff's choice of forums." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947).

In making transfer determinations, a court must balance the deference accorded the plaintiff's choice of forum with the burden of litigating in an inconvenient forum. *Gulf Oil*, 330 U.S. at 508. As part of this inquiry, the court should consider private and public interest factors affecting the convenience of the forum. Private interest factors include the relative ease of access to sources of proof, the availability of compulsory process for the attendance of unwilling witnesses, the cost of obtaining attendance of willing witnesses, and "all other practical problems that make the trial of a case easy, expeditious and inexpensive." *Id*. Public interest factors include "the administrative

---

[4] As the preceding discussion reflects, the Court has not relied on the fact that Affliction apparently sells some products through a "passive" website that can be accessed from this judicial district. Consideration of *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414 (9th Cir. 1997) is therefore unnecessary.

difficulties flowing from court congestion; the 'local interest in having localized controversies decided at home;' the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law[,] and the unfairness of burdening citizens in an unrelated forum with jury duty." *Piper Aircraft v. Reyno*, 454 U.S. 235, 241 n. 6, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981); see also *Decker Coal Co. v. Commonwealth Edison Co*., 805 F.2d 834, 843 (9th Cir.1986).

Here, Affliction simply has made no evidentiary showing that any of the relevant factors weigh in favor of a transfer. Affliction conclusorily asserts that "[a]ny evidence, including witnesses, tangible things, software, and documents that support Affliction's defenses are located in Southern California." Foss Decl. ¶ 9. Affliction has not identified any of those witnesses or documents, or explained their relative importance to the issues in the case. While it may be self-evident that it would be more convenient *to Affliction* to litigate in the Central District, Affliction has not addressed the far more important question of potential burdens to third party witnesses in either forum. Section 1404(a) is not a mechanism for simply shifting burdens from a defendant to a plaintiff. Although Affliction correctly points out that KK Stone is no more a resident of this District than it is of the Central District, KK Stone has articulated legitimate reasons for its choice of this forum, and Affliction has failed to show sufficient reasons to disturb that choice.

## IV. CONCLUSION

Affliction's motion to dismiss or transfer is denied.

IT IS SO ORDERED.

Dated: 10/22/09

RICHARD SEEBORG
UNITED STATES MAGISTRATE JUDGE



United States District Court
For the Northern District of California